David B. Newman (DN 9577)
Marc A. Lieberstein (MAL 7116)
DAY PITNEY LLP
7 Times Square
New York, New York 10036
Phone: (212) 297-5800
Fax: (212) 916-2940
**Attorneys for Plaintiff Travel Planners, Inc.**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE DANIELS**

| | |
|---|---|
| **Travel Planners, Inc.,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**National Travel Planners, Inc.,**<br><br>      **Defendant.** | Civil Action No. 07 CV 3119<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Travel Planners, Inc. ("TP"), as and for its Complaint against Defendant National Travel Planners, Inc. ("NTP"), by its undersigned attorneys, alleges as follows:

### NATURE OF THE ACTION

1. In this action, TP seeks injunctive and monetary relief against NTP for trademark and trade name infringement, passing off, dilution and tortious interference with existing and potential business relationships.

2. TP owns common law trademark rights in the TRAVEL PLANNERS trademark and trade name (hereinafter collectively referred to as the "TRAVEL PLANNERS Mark"). TP has been exclusively using its TRAVEL PLANNERS Mark for over twenty-five (25) years in connection with creating housing programs for various types of trade shows,

conventions and meetings, and providing all services in connection therewith. TP has been, and until now was, the only provider of such Event housing services under the TRAVEL PLANNERS Mark. TP provides its TRAVEL PLANNERS Event housing services by way of agreements with the trade show/convention/meeting (collectively referred to as "Event") owner or organizes, and works directly with the exhibitors who attend such Events to make sure that all exhibitor housing arrangements are handled expeditiously and efficiently by TP.

3. By virtue of its exclusive long time use of the TRAVEL PLANNERS Mark in the Event housing services field, TP's TRAVEL PLANNERS Mark has become well known as a provider of high quality and superior Event housing services.

4. As the owner of the common law trademark and trade name rights for the TRAVEL PLANNERS Mark, including the associated goodwill, TP is entitled to, and by way of this action does, seeks injunctive relief against NTP's use of the NATIONAL TRAVEL PLANNERS trademark, business name and domain name that incorporates the TRAVEL PLANNERS Mark in connection with NTP's Event housing services.

5. NTP's use of the virtually identical and confusingly similar designation NATIONAL TRAVEL PLANNERS in connection with its Event housing business, its solicitation of such business, as well as advertising and promotion of its Event housing services, constitutes trademark and trade name infringement, as well as passing off, under Section 43(a)(1) of the Lanham Act and the laws of the State of New York and other states, in violation of TP's rights in TP's TRAVEL PLANNERS Mark.

6. NTP's unauthorized use of the TRAVEL PLANNERS Mark has caused actual confusion in the Event housing marketplace among Event owners and organizers, as well as exhibitors who use such Event housing services. NTP's unauthorized use of the TRAVEL

PLANNERS Mark is also likely to injure the fame and distinctiveness of TP's TRAVEL PLANNERS Mark in the Event housing services field, and is likely to dilute the distinctiveness of the TRAVEL PLANNERS Mark or otherwise cause injury to the Mark, in violation of New York State law, and other state laws, that prohibit dilution. Accordingly, TP seeks a permanent injunction against NTP to enjoin NTP's dilution of the TRAVEL PLANNERS Mark.

## THE PARTIES

7. Plaintiff, TP, is a New York corporation with its principal place of business at 381 Park Avenue South, New York, New York 10016.

8. Upon information and belief, Defendant, NTP, is a Nevada corporation with its principal place of business at 4795 S. Sanhill Rd., Las Vegas, Nevada 89121.

## JURISDICTION AND VENUE

9. This is an action against NTP for injunctive relief and damages for trademark and trade name infringement, passing off, and state law dilution, as well as tortious interference with existing and potential business relationships, arising under Title 15 of the United States Code and the laws of the State of New York and other states.

10. This Court has jurisdiction of this civil action pursuant to 15 U.S.C. § 1121 (action arising under the Federal Trademark Act), 28 U.S.C. §§ 1331 (federal question), 1338(a), (b) (Act of Congress relating to trademarks), and § 1367(a) (supplemental jurisdiction). The parties are of diverse citizenship, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and 1391 (c) as the acts alleged herein have substantially occurred within this District and the claims asserted substantially arise in this District.

12. This Court has personal jurisdiction over NTP because it does business and offers to do business in this District, and has committed the alleged wrongful acts both within and outside of this District, and caused substantial injury to TP in this District. NTP also advertises in this District through its website.

## FACTS COMMON TO ALL CAUSES OF ACTION

*Plaintiff TP*

13. TP has been exclusively using its TRAVEL PLANNERS Mark for over twenty-five (25) years in connection with creating housing programs for trade shows, conventions and meetings, and providing all services in connection therewith. TP provides its Event housing services by way of agreement with the trade show/convention/meeting owner or organizer, and works directly with the exhibitor who attend the events to make sure that all exhibitor housing arrangements are handled expeditiously and efficiently. TP's agreements with the convention owners/organizers establish TP as the "exclusive official housing company" for the particular trade show, convention, or meeting and all exhibitors are advised to utilize TP for their Event housing needs.

14. TP has been, and until now was, the only provider of Event housing services under the TRAVEL PLANNERS Mark. TP's extensive and exclusive use of its TRAVEL PLANNERS Mark in the Event housing service field has become well known, and TP's services under the Mark are associated with high quality and superior Event housing services.

### Defendant NTP

15. Upon information and belief, and based upon a review of NTP's website, NTP has been in business "for over 5 years."

16. Upon information and belief, NTP's business, unlike TP's business, does not focus on Event housing services, but rather appears to provide traditional travel agent services to book vacation homes and condominiums.

17. Upon information and belief, NTP only began providing Event housing services under the NATIONAL TRAVEL PLANNERS designation in October 2006. Before then, despite TP's extensive knowledge of its Event housing competitors and involvement in the Event housing industry, TP had not heard of NTP or seen the NATIONAL TRAVEL PLANNERS designation.

18. NTP uses its NATIONAL TRAVEL PLANNERS designation in connection with its Event housing business, its solicitation of such business, as well as in connection with its advertising and promotion of its Event housing services. The NATIONAL TRAVEL PLANNERS designation also serves as NTP's business name or trade name.

### NTP's Infringing Activity and Wrongful Conduct

19. Upon information and belief, NTP has used and is using its NATIONAL TRAVEL PLANNERS designation and name to confuse Event owners and organizers, as well as attending Events exhibitors, that it is TP, or associated with TP and the services TP provides under TP's TRAVEL PLANNERS Mark.

20. NTP has contacted exhibitors who were planning to attend PITTCON 2007, a Pittsburgh trade show/conference. TP was named the exclusive official housing company for PITTCON 2007. NTP approached exhibitors to inquire if they had made their

5

housing arrangements and/or to verify their booking arrangements. NTP representatives indicated they were affiliated with TP or that NTP was the "exclusive official housing company." The exhibitors NTP contacted were actually confused by NTP, as well as NTP's use of the TRAVEL PLANNERS Mark in connection with NTP's Event housing services. In a few instances the confused exhibitor actually utilized the NTP Event housing services believing they were using TP's TRAVEL PLANNERS Event housing services. Indeed, in at least one known instance, an exhibitor complained about NTP, wrongly believing it was TP, and the exhibitor has had a very difficult time obtaining the refund it deserved from NTP.

21. At the INFOCOMM 2006 conference, where TP was again named the "exclusive official housing company," several exhibitors received calls from NTP inquiring about their Event housing arrangements resulting in confusion as to whether there was an affiliation between NTP and TP.

22. In January 2007, for the WINTER FANCY FOOD SHOW in San Francisco, California, TP was again named as the "exclusive official housing company." NTP contacted exhibitors to inquire about their event housing arrangements. In one instance, an exhibitor was actually deceived into booking rooms for the event through NTP, only to later learn that NTP had not booked any rooms for the exhibitor. The exhibitor was adamant that it booked the rooms through TP and utilized the TRAVEL PLANNERS Event housing services, and only learned after an in depth investigation that it was NTP.

## COUNT I
### Federal Trademark and Trade Name Infringement

23. TP repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 hereof as if fully set forth herein.

24. NTP's use in commerce of the NATIONAL TRAVEL PLANNERS as a

designation and as a trade name constitutes trademark and trade name infringement in violation of TP's common law rights in the TRAVEL PLANNERS Mark in that NTP's use has actually caused, and is likely to continue to cause confusion as to whether the services offered by NTP under the designations originate with or are sponsored or approved by, or otherwise connected with TP, in violation of Section 43(a)(1)(A) of the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a)(1)(A).

25. NTP's unauthorized use of the NATIONAL TRAVEL PLANNERS designation and trade name is not being made in good faith.

26. Upon information and belief, NTP has intentionally and with bad faith carried out the aforementioned activities.

27. The aforesaid actions of NTP have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury for which there is no adequate remedy at law.

## COUNT II
### NTP's Passing Off

28. TP repeats and re-alleges each and every allegation contained in paragraphs 1 through 27 hereof as if fully set forth herein.

29. NTP's use in commerce of the designation and business name NATIONAL TRAVEL PLANNERS in its solicitation and marketing, as well as in its domain name www.nationaltravelplanners.com, to solicit business away from TP constitutes passing off and false designation of origin, and false or misleading descriptions of fact that wrongly and falsely designate that NTP is affiliated or connected with, or sponsored or authorized by TP to provide TP's TRAVEL PLANNERS Event housing services, when, in fact, that is not true, in

violation of Section 43(a)(l)(A) of the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a)(1)(A).

30. Upon information and belief, NTP intentionally and with bad faith carried out the aforementioned activities.

31. NTP's unauthorized use is causing competitive injury to TP in that it makes the TRAVEL PLANNERS Mark and associated services less valuable and also deprives TP of the additional business opportunities being diverted from TP to NTP due to NTP's wrongful conduct.

32. The aforesaid actions of NTP have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury for which there is no adequate remedy at law.

## COUNT III
### State Trademark and Trade Name Infringement Against NTP

33. TP repeats and re-alleges each and every allegation contained in paragraphs 1 through 32 hereof as if fully set forth herein.

34. NTP's use in commerce of the NATIONAL TRAVEL PLANNERS as a designation and as a trade name constitutes trademark and trade name infringement in violation of TP's New York State common law rights in the TRAVEL PLANNERS Mark in that NTP's use has caused, and is likely to continue to cause confusion as to whether the services offered by NTP under the NATIONAL TRAVEL PLANNERS designation originate with or are sponsored or approved by, or otherwise connected with TP and TP's TRAVEL PLANNERS Event housing services.

35. NTP's unauthorized use of the NATIONAL TRAVEL PLANNERS

designation and trade name is not being made in good faith.

36. Upon information and belief, NTP has intentionally and with bad faith carried out the aforementioned activities.

37. The aforesaid actions of NTP have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury for which there is no adequate remedy at law.

## COUNT IV
### State Dilution Against NTP

38. TP repeats and re-alleges each and every allegation contained in paragraphs 1 through 37 hereof as if fully set forth herein.

39. The TRAVEL PLANNERS Mark is a distinctive trade name with a strong secondary meaning in the Event housing services industry.

40. NTP's deliberate and intentional use in commerce of the famous and distinctive TRAVEL PLANNERS Mark constitutes, under the laws of the State of New York, as well as laws of other states, dilution of the distinctiveness of TP's TRAVEL PLANNERS Mark and is also likely to injure the reputation of TP as the owner of the goodwill associated with the TRAVEL PLANNERS Mark.

41. The aforesaid actions of NTP have caused, and unless enjoined, will continue to cause TP monetary damage in an amount to be determined at trial and irreparable injury for which there is no adequate remedy at law.

## COUNT V
### NTP's Tortious Interference

42. TP repeats and re-alleges each and every allegation contained in paragraphs 1 through 41 hereof as is fully set forth herein.

9

43. NTP is and was fully aware of TP's existing business relationships with the Events owners and organizers that had agreements or other arrangements with TP whereby TP was named the "exclusive official housing company" for the particular Events. TP had a reasonable expectation of obtaining the business that NTP obtained by virtue of its wrongful acts, and TP reasonably expects a continued business relationship with other Events owners and organizers who have named TP as the "exclusive official housing company." NTP knew of and presently knows of TP's relationships and TP's expectancy of the continued business relationships. NTP is acting intentionally to interfere with and take steps to divert the business and relationships between TP and the Events organizers and owners, as well as the exhibitors who attend such Events, and NTP's interference has caused, and will continue to cause damage to TP and its reputation for high quality superior Event housing services.

44. The above-described acts of NTP are and were knowing, willful, improper and illegal.

45. By reason of the foregoing, TP has been or will be damaged in an amount not less than $500,000, with the exact amount of TP's damages to be determined at trial.

**WHEREFORE,** TP prays for judgment in its favor with respect to all the causes of action set forth above and that relief be granted as follows:

A. That NTP and its respective officers, partners, agents, servants, affiliates, employees, attorneys, representatives, and all those in privity or acting in concert or participation with each and all of them, be permanently enjoined from:

(1) Using the TRAVEL PLANNERS Mark in any manner, including but not limited to, "NATIONAL TRAVEL PLANNERS," as trademark, trade name or business name;

(2) Using the NATIONAL TRAVEL PLANNERS designation in any manner that is likely to cause confusion as to the source of NTP's services, including but not limited to any such use in connection with Event housing services;

(3) Using the NATIONAL TRAVEL PLANNERS designation in a manner that is likely to dilute the value and goodwill of the TRAVEL PLANNERS Mark, including, but not limited to, using the designation "NATIONAL TRAVEL PLANNERS" in connection with Event housing services;

(4) Falsely designating or implying that NTP is associated with TP in the provision of Event housing services, and using the NATIONAL TRAVEL PLANNERS designation to induce the belief that NTP business or services are in any way sponsored or approved by, or otherwise connected with TP and TP's TRAVEL PLANNERS Event housing services; and

(5) Using any trade practices whatsoever, including, but not limited to, those complained of herein that tend to compete unfairly with or injure TP or TP's TRAVEL PLANNERS Mark and the goodwill appertaining thereto; and

(6) Contacting or in any other way communicating with the owners, organizers and exhibitors with whom TP has an existing and/or potential business relationship, including but not limited to the owners, organizers and exhibitors for trade shows, conferences,

and meetings where TP is named as the "exclusive official housing company."

B.  That NTP be required to:

(1) pay compensatory damages to TP in an amount to be determined at trial for the injuries TP has sustained as a direct consequence of the infringing acts complained of herein, and to disgorge any profits made through sales of any Event housing services by NTP under the "NATIONAL TRAVEL PLANNERS" designation;

(2) pay treble damages pursuant to 15 U.S.C. § 1117;

(3) pay all TP's litigation expenses, including reasonable attorneys' fees and costs of this action pursuant to 15 U.S.C. § 1117;

(4) pay prejudgment interest to TP;

(5) file with this Court and serve on TRAVEL PLANNERS an affidavit setting forth in detail the manner and form of NTP's and NTP's compliance with the terms of this Court's injunction; and

(6) pay consequential and punitive damages to TRAVEL PLANNERS for violation of the laws under New York State and other states.

C.  That TP be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

TP demands trial by a jury on all jury-triable issues in the Complaint as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 18, 2007
      New York, New York

Respectfully submitted,

By: *[signature]*
David B. Newman (DN 9577)
Marc A. Lieberstein (MAL 7116)
Day Pitney LLP
7 Times Square
New York, New York 10036
Phone: (212) 297-5800
Fax: (212) 916-2940

Attorneys for Plaintiff,
Travel Planners Inc.