Bruce D. Katz, Esq. (BK-2041)
LAW OFFICES OF BRUCE D. KATZ
& ASSOCIATES
225 Broadway – 37th Floor
New York, NY 10007
Phone: (212)233-3434
Fax: (212)208-3060

*Attorneys for Defendant/Counterclaim-Plaintiff*
CGI of Nevada, Inc.
(d/b/a National Travel Planners)

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

———————————————————————

| | | |
|---|---|---|
| TRAVEL PLANNERS, INC., | ) | ECF CASE |
| | ) | |
| Plaintiff, | ) | **ANSWER AND** |
| | ) | **COUNTERCLAIMS** |
| v. | ) | (JURY TRIAL DEMANDED) |
| | ) | |
| NATIONAL TRAVEL PLANNERS, INC., | ) | |
| | ) | CIVIL ACTION NO. |
| Defendant, | ) | 07-CV-3119(GBD) |
| | ) | |
| and | ) | |
| | ) | |
| CGI OF NEVADA, INC. (D/B/A | ) | |
| NATIONAL TRAVEL PLANNERS), | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRAVEL PLANNERS, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant. | ) | |

———————————————————————

Defendant, National Travel Planners, Inc. (hereinafter "NTP"), by its undersigned

counsel, hereby file this Answer and Counterclaims in response to the Complaint filed herein by

Plaintiff, Travel Planners, Inc. (hereinafter "Plaintiff" or "TP").

NTP denies each and every allegation, matter and thing alleged in Plaintiff's Complaint unless hereinafter specifically admitted or otherwise answered.

## **NATURE OF THE ACTION**

1.  In this action, TP seeks injunctive and monetary relief against NTP for trademark and trade name infringement, passing off, dilution and tortious interference with existing and potential business relationships.

## **ANSWER:**

The allegations contained in Paragraph 1 of the Amended Complaint state legal conclusions to which no response is required.  However, to the extent a response is appropriate, NTP admits that Plaintiff seeks injunctive and monetary relief against NTP for trademark and trade name infringement, passing off, dilution and tortious interference with existing and potential business relationships.

2.  TP owns common law trademark rights in the TRAVEL PLANNERS trademark and trade name (hereinafter collectively referred to as the "TRAVEL PLANNERS Mark").  TP has been exclusively using its TRAVEL PLANNERS Mark for over twenty-five (25) years in connection with creating housing programs for various types of trade shows, conventions and meetings, and providing all services in connection therewith.  TP has been, and until now was, the only provider of such Event housing services under the TRAVEL PLANNERS Mark.  TP provides its TRAVEL PLANNERS Event housing services by way of agreements with the trade show/convention/meeting (collectively referred to as "Event") owner or organizes **[sic]**, and works directly with the exhibitors who attend such Events to make sure that all exhibitor housing arrangements are handled expeditiously and efficiently by TP.

**ANSWER:**

NTP denies the allegations that: (1) Plaintiff "owns common law rights in the TRAVEL PLANNERS trademark and/or trade name"; and (2) Plaintiff "has been, and until now was, the only provider of such Event housing services under the TRAVEL PLANNERS Mark."

NTP further denies that Plaintiff has any exclusive rights whatsoever in the generic phrase "travel planners" for travel-related services of any kind, and denies that Plaintiff has exclusively used the generic phrase "travel planners" in connection with travel-related services to persons attending and/or exhibiting at trade shows, conventions or meetings, or any other services commonly provided by travel planners.

NTP is without knowledge or information sufficient to form a belief and, therefore, denies the allegations that: (1) Plaintiff "has been exclusively using its TRAVEL PLANNERS Mark for over twenty-five (25) years in connection with creating housing programs for various types of trade shows, conventions and meetings, and providing all services in connection therewith"; and that (2) Plaintiff "provides its TRAVEL PLANNERS Event housing services by way of agreements with the trade show/convention/meeting (collectively referred to as "Event") owner or organizes **[sic]**, and works directly with the exhibitors who attend such Events to make sure that all exhibitor housing arrangements are handled expeditiously and efficiently by TP".

3.  By virtue of its exclusive long time use of the TRAVEL PLANNERS Mark in the Event housing services field, TP's TRAVEL PLANNERS Mark has become well known as a provider of high quality and superior Event housing services.

**ANSWER:**

NTP denies the allegations contained in Paragraph 3 of the Complaint, and specifically denies that Plaintiff has any protectable interest the generic designation "travel planners".

4.  As the owner of the common law trademark and trade name rights for the TRAVEL PLANNERS Mark, including the associated goodwill, TP is entitled to, and by way of this action does, seeks injunctive relief against NTP's use of the NATIONAL TRAVEL PLANNERS trademark, business name and domain name that incorporates the TRAVEL PLANNERS Mark in connection with NTP's Event housing services.

**ANSWER:**

NTP denies the allegations contained in Paragraph 4 of the Complaint, and specifically denies that Plaintiff has any protectable interest the generic designation "travel planners."  NTP further specifically denies that it is engaged in "Event housing services" as that phrase is defined and/or used by Plaintiff in the Complaint.

5.  NTP's use of the virtually identical and confusingly similar designation NATIONAL TRAVEL PLANNERS in connection with its Event housing business, its solicitation of such business, as well as advertising and promotion of its Event housing services, constitutes trademark and trade name infringement, as well as passing off, under Section 43(a)(1) of the Lanham Act and the laws of the State of New York and other states, in violation of TP's rights in TP's TRAVEL PLANNERS Mark.

**ANSWER:**

NTP denies the allegations contained in Paragraph 5 of the Complaint, and specifically denies that it is engaged in the "Event housing business", or the solicitation of such business, as that phrase is defined and/or used by Plaintiff in the Complaint.  NTP admits that it uses the designation NATIONAL TRAVEL PLANNERS in connection with its conventional travel services.

6.  NTP's unauthorized use of the TRAVEL PLANNERS Mark has caused actual confusion in the Event housing marketplace among Event owners and organizers, as well as exhibitors who use such Event housing services.  NTP's unauthorized use of the TRAVEL PLANNERS Mark is also likely to injure the fame and distinctiveness of TP's TRAVEL PLANNERS Mark in the Event housing services field, and is likely to dilute the distinctiveness of the TRAVEL PLANNERS Mark or otherwise cause injury to the Mark, in violation of New York State law, and other state laws, that prohibit dilution.  Accordingly, TP seeks a permanent injunction against NTP to enjoin NTP's dilution of the TRAVEL PLANNERS Mark.

**ANSWER:**

NTP denies the allegations that: (1) it has engaged in any "unauthorized use of the TRAVEL PLANNERS mark"; and that (2) its use of the name National Travel Planners is "likely to injure the fame and distinctiveness of TP's TRAVEL PLANNERS Mark in the Event housing services field, and is likely to dilute the distinctiveness of the TRAVEL PLANNERS Mark or otherwise cause injury to the Mark, in violation of New York State law, and other state laws, that prohibit dilution."

NTP further denies the allegation that Plaintiff has asserted any claim for relief under any "other state laws, that prohibit dilution."

NTP is without knowledge or information sufficient to form a belief and, therefore, denies the allegation that any of its activities have "caused actual confusion in the Event housing marketplace among Event owners and organizers, as well as exhibitors who use such Event housing services."

## THE PARTIES

7.  Plaintiff, TP, is a New York corporation with its principal place of business at 381 Park Avenue South, New York, New York 10016.

**ANSWER:**

NTP is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Complaint and, therefore, denies the same.

8.  Upon information and belief, Defendant, NTP, is a Nevada corporation with its principal place of business at 4795 S. Sanhill **[sic]** Rd., Las Vegas, Nevada 89121.

**ANSWER:**

NTP denies the allegations contained in Paragraph 8 of the Complaint, except admits that its principal place of business is located at 4795 S. Sandhill Rd., Las Vegas, Nevada 89121.

## JURISDICTION AND VENUE

9.  This is an action against NTP for injunctive relief and damages for trademark and trade name infringement, passing off, and state law dilution, as well as tortuous interference with existing and potential business relationships, arising under Title 15 of the United States Code and the laws of the State of New York and other states.

**ANSWER:**

The allegations contained in Paragraph 9 of the Complaint state legal conclusions to which no response is required. However, to the extent a response is appropriate, NTP admits that Plaintiffs allege that this "is an action against NTP for injunctive relief and damages for trademark and trade name infringement, passing off, and state law dilution, as well as tortuous interference with existing and potential business relationships, arising under Title 15 of the

United States Code and the laws of the State of New York and other states." NTP denies that Plaintiff has pled any claim for relief arising under the laws of any "other states."

10.  This Court has jurisdiction of this civil action pursuant to 15 U.S.C. §1121 (action arising under the Federal Trademark Act), 28 U.S.C. §§ 1331 (federal question), 1338(a), (b) (Act of Congress relating to trademarks), and §1367(a) (supplemental jurisdiction). The parties are of diverse citizenship, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**ANSWER:**

NTP denies the allegations contained in Paragraph 10 of the Complaint, except admits that jurisdiction purports to be conferred pursuant to Title 15 U.S.C. §1121 and Title 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and pursuant to the principles of supplemental jurisdiction under Title 28 U.S.C. §1367(a).

11.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) as the acts alleged herein have substantially occurred within this District and the claims asserted substantially arise in this District.

**ANSWER:**

NTP denies the allegations contained in Paragraph 11 of the Complaint, and specifically denies that any of the acts alleged herein have occurred substantially within this District. NTP admits that venue purports to be conferred by Title 28 U.S.C. §§ 1391(b) and (c).

12.  This Court has personal jurisdiction over NTP because it does business and offers to do business in this District, and has committed the alleged wrongful acts both within and outside of this District, and caused substantial injury to TP in this District. NTP also advertises in this District through its website.

**ANSWER:**

NTP denies the allegations contained in Paragraph 12 of the Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

### *Plaintiff TP*

13.    TP has been exclusively using its TRAVEL PLANNERS Mark for over twenty-five (25) years in connection with creating housing programs for trade shows, conventions and meetings, and providing all services in connection therewith.  TP provides its Event housing services by way of agreement with the trade show/convention/meeting owner or organizer, and works directly with the exhibitor **[sic]** who attend the events to make sure that all exhibitor housing arrangements are handled expeditiously and efficiently.  TP's agreements with the convention owners/organizers establish TP as the "exclusive official housing company" for the particular trade show, convention, or meeting and all exhibitors are advised to utilize TP for their Event housing needs.

**ANSWER:**

NTP denies the allegations that: (1) plaintiff "has been exclusively using its TRAVEL PLANNERS Mark for over twenty-five (25) years in connection with creating housing programs for trade shows, conventions and meetings, and providing all services in connection therewith".

NTP is without knowledge or information sufficient to form a belief and, therefore, denies the allegations that: (1) TP provides its Event housing services by way of agreement with the trade show/convention/meeting owner or organizer, and works directly with the exhibitor **[sic]** who attend the events to make sure that all exhibitor housing arrangements are handled expeditiously and efficiently; and that (2) "TP's agreements with the convention owners/ organizers establish TP as the 'exclusive official housing company' for the particular trade show,

convention, or meeting and all exhibitors are advised to utilize TP for their Event housing needs."

14. TP has been, and until now was, the only provider of Event housing services under the TRAVEL PLANNERS Mark. TP's extensive and exclusive use of its TRAVEL PLANNERS Mark in the Event housing service field has become well known, and TP's services under the Mark are associated with high quality and superior Event housing services.

**ANSWER:**

NTP denies the allegations contained in Paragraph 14 of the Complaint.

***Defendant NTP***

15. Upon information and belief, and based upon a review of NTP's website, NTP has been in business "for over 5 years."

**ANSWER:**

NTP admits the allegations contained in Paragraph 15 of the Complaint.

16. Upon information and belief, NTP's business, unlike TP's business, does not focus on Event housing services, but rather appears to provide traditional travel agent services to book vacation homes and condominiums.

**ANSWER:**

NTP denies the allegations contained in Paragraph 16 of the Complaint, except admits that its business does not focus on "Event housing services" as that term is defined and or used by Plaintiff in the Complaint.

17. Upon information and belief, NTP only began providing Event housing services under the NATIONAL TRAVEL PLANNERS designation in October 2006. Before then, despite TP's extensive knowledge of its Event housing competitors and involvement in the Event

housing industry, TP had not heard of NTP or seen the NATIONAL TRAVEL PLANNERS designation.

**<u>ANSWER:</u>**

NTP denies the allegations contained in Paragraph 17 of the Complaint, except that NTP is without knowledge or information sufficient to form a belief and, therefore, denies the allegations that "[b]efore then, despite TP's extensive knowledge of its Event housing competitors and involvement in the Event housing industry, TP had not heard of NTP or seen the NATIONAL TRAVEL PLANNERS designation."

18.  NTP uses its NATIONAL TRAVEL PLANNERS designation in connection with its Event housing business, its solicitation of such business, as well as in connection with its advertising and promotion of its Event housing services.  The NATIONAL TRAVEL PLANNERS designation also serves as NTP's business name or trade name.

**<u>ANSWER:</u>**

NTP denies the allegations contained in Paragraph 18 of the Complaint, except admits that NTP uses the designation NATIONAL TRAVEL PLANNERS in connection with its corporate and individual travel planning services, its solicitations for such services, and as its business name or trade name.

**<u>*NTP's Infringing Activity and Wrongful Conduct*</u>**

19.  Upon information and belief, NTP has used and is using its NATIONAL TRAVEL PLANNERS designation and name to confuse Event owners and organizers, as well as attending Events exhibitors, that it is TP, or associated with TP and the services TP provides under TP's TRAVEL PLANNERS Mark.

**ANSWER:**

NTP denies the allegations contained in Paragraph 19 of the Complaint, and specifically denies that Plaintiff has any protectable interest the generic designation "travel planners".

20. NTP has contacted exhibitors who were planning to attend PITTCON 2007, a Pittsburgh trade show/conference. TP was named the exclusive official housing company for PITTCON 2007. NTP approached exhibitors to inquire if they had made their housing arrangements and/or to verify their booking arrangements. NTP representatives indicated they were affiliated with TP or that NTP was the "exclusive official housing company." The exhibitors NTP contacted were actually confused by NTP, as well as NTP's use of the TRAVEL PLANNERS Mark in connection with NTP's Event housing services. In a few instances the confused exhibitor actually utilized the NTP Event housing services believing they were using TP's TRAVEL PLANNERS Event housing services. Indeed, in at least one known instance, an exhibitor complained about NTP, wrongly believing it was TP, and the exhibitor has had a very difficult time obtaining the refund it deserved from NTP.

**ANSWER:**

NTP is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint and, therefore, denies the same; except NTP specifically denies the allegation that "NTP representatives indicated they were affiliated with TP or that NTP was the "exclusive official housing company."

21. At the INFOCOMM 2006 conference, where TP was again named the "exclusive official housing company," several exhibitors received calls from NTP inquiring about their Event housing arrangements resulting in confusion as to whether there was an affiliation between NTP and TP.

**ANSWER:**

NTP is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint and, therefore, denies the same.

22.  In January 2007, for the WINTER FANCY FOOD SHOW in San Francisco, California, TP was again named as the "exclusive official housing company."  NTP contacted exhibitors to inquire about their event housing arrangements.  In one instance, an exhibitor was actually deceived into booking rooms for the event through NTP, only to later learn that NTP had not booked any rooms for the exhibitor.  The exhibitor was adamant that it booked the rooms through TP and utilized the TRAVEL PLANNERS Event housing services, and only learned after an in depth investigation that it was NTP.

**ANSWER:**

NTP is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint and, therefore, denies the same.

**COUNT I**

**Federal Trademark and Trade Name Infringement**

23.  TP repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 hereof as if fully set forth herein.

**ANSWER:**

NTP repeats and realleges the averments set forth in Paragraphs 1 through 22 as if more fully set forth herein.

24.  NTP's use in commerce of the NATIONAL TRAVEL PLANNERS as a designation and as a trade name constitutes trademark and trade name infringement in violation of TP's common law rights in the TRAVEL PLANNERS Mark in that NTP's use has actually caused,

and is likely to continue to cause confusion as to whether the services offered by NTP under the designations originate with or are sponsored or approved by, or otherwise connected with TP, in violation of Section 43(a)(l)(A) of the United States Trademark Act of 1946, as amended, 15 U.S.C. §1125(a)(l)(A).

**ANSWER:**

NTP denies the allegations contained in Paragraph 24 of the Complaint.

25.  NTP's unauthorized use of the NATIONAL TRAVEL PLANNERS designation and trade name is not being made in good faith.

**ANSWER:**

NTP denies the allegations contained in Paragraph 25 of the Complaint.

26.  Upon information and belief, NTP has intentionally and with bad faith carried out the aforementioned activities.

**ANSWER:**

NTP denies the allegations contained in Paragraph 26 of the Complaint.

27.  The aforesaid actions of NTP have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury for which there is no adequate remedy at law.

**ANSWER:**

NTP denies the allegations contained in Paragraph 27 of the Complaint.

**COUNT II**

**NTP's Passing Off**

28.  TP repeats and re-alleges each and every allegation contained in paragraphs 1 through 27 hereof as if fully set forth herein.

**ANSWER:**

NTP repeats and realleges the averments set forth in Paragraphs 1 through 27 as if more fully set forth herein.

29.  NTP's use in commerce of the designation and business name NATIONAL TRAVEL PLANNERS in its solicitation and marketing, as well as in its domain name www.nationaltravelplanners.com, to solicit business away from TP constitutes passing off and false designation of origin, and false or misleading descriptions of fact that wrongly and falsely designate that NTP is affiliated or connected with, or sponsored or authorized by TP to provide TP's TRAVEL PLANNERS Event housing services, when, in fact, that is not true, in violation of Section 43(a)(l)(A)of the United States Trademark Act of 1946, as amended, 15 U.S.C. §1125(a)(l)(A).

**ANSWER:**

NTP denies the allegations contained in Paragraph 29 of the Complaint.

30.  Upon information and belief, NTP intentionally and with bad faith carried out the aforementioned activities.

**ANSWER:**

NTP denies the allegations contained in Paragraph 30 of the Complaint.

31.  NTP's unauthorized use is causing competitive injury to TP in that it makes the TRAVEL PLANNERS Mark and associated services less valuable and also deprives TP of the additional business opportunities being diverted from TP to NTP due to NTP's wrongful conduct.

**ANSWER:**

NTP denies the allegations contained in Paragraph 31 of the Complaint.

32. The aforesaid actions of NTP have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury for which there is no adequate remedy at law.

**ANSWER:**

NTP denies the allegations contained in Paragraph 32 of the Complaint.

### COUNT III

### State Trademark and Trade Name Infringement Against NTP

33. TP repeats and re-alleges each and every allegation contained in paragraphs 1 through 32 hereof as if fully set forth herein.

**ANSWER:**

NTP repeats and realleges the averments set forth in Paragraphs 1 through 32 as if more fully set forth herein.

34. NTP's use in commerce of the NATIONAL TRAVEL PLANNERS as a designation and as a trade name constitutes trademark and trade name infringement in violation of TP's New York State common law rights in the TRAVEL PLANNERS Mark in that NTP's use has caused, and is likely to continue to cause confusion as to whether the services offered by NTP under the NATIONAL TRAVEL PLANNERS designation originate with or are sponsored or approved by, or otherwise connected with TP and TP's TRAVEL PLANNERS Event housing services.

**ANSWER:**

NTP denies the allegations contained in Paragraph 34 of the Complaint.

35. NTP's unauthorized use of the NATIONAL TRAVEL PLANNERS designation and trade name is not being made in good faith.

**ANSWER:**

NTP denies the allegations contained in Paragraph 35 of the Complaint.

36. Upon information and belief, NTP has intentionally and with bad faith carried out the aforementioned activities.

**ANSWER:**

NTP denies the allegations contained in Paragraph 36 of the Complaint.

37. The aforesaid actions of NTP have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury for which there is no adequate remedy at law.

**ANSWER:**

NTP denies the allegations contained in Paragraph 37 of the Complaint.

## COUNT IV

## State Dilution Against NTP

38. TP repeats and re-alleges each and every allegation contained in paragraphs 1 through 37 hereof as if fully set forth herein.

**ANSWER:**

NTP repeats and realleges the averments set forth in Paragraphs 1 through 37 as if more fully set forth herein.

39. The TRAVEL PLANNERS Mark is a distinctive trade name with a strong secondary meaning in the Event housing services industry.

**ANSWER:**

NTP denies the allegations contained in Paragraph 39 of the Complaint.

40. NTP's deliberate and intentional use in commerce of the famous and distinctive TRAVEL PLANNERS Mark constitutes, under the laws of the State of New York, as well as laws of other states, dilution of the distinctiveness of TP's TRAVEL PLANNERS Mark and is

also likely to injure the reputation of TP as the owner of the goodwill associated with the

TRAVEL PLANNERS Mark.

**ANSWER:**

NTP denies the allegations contained in Paragraph 40 of the Complaint.

41.  The aforesaid actions of NTP have caused, and unless enjoined, will continue to

cause TP monetary damage in an amount to be determined at trial and irreparable injury for

which there is no adequate remedy at law.

**ANSWER:**

NTP denies the allegations contained in Paragraph 41 of the Complaint.

**COUNT V**

**NTP's Tortious Interference**

42.  TP repeats and re-alleges each and every allegation contained in paragraphs 1

through 41 hereof as is **[sic]** fully set forth herein.

**ANSWER:**

NTP repeats and realleges the averments set forth in Paragraphs 1 through 41 as if more

fully set forth herein.

43.  NTP is and was fully aware of TP's existing business relationships with the Events

owners and organizers that had agreements or other arrangements with TP whereby TP was

named the "exclusive official housing company" for the particular Events.  TP had a reasonable

expectation of obtaining the business that NTP obtained by virtue of its wrongful acts, and TP

reasonably expects a continued business relationship with other Events owners and organizers

who have named TP as the "exclusive official housing company."  NTP knew of and presently

knows of TP's relationships and TP's expectancy of the continued business relationships.  NTP is

17

acting intentionally to interfere with and take steps to divert the business and relationships between TP and the Events organizers and owners, as well as the exhibitors who attend such Events, and NTP's interference has caused, and will continue to cause damage to TP and its reputation for high quality superior Event housing services.

**ANSWER:**

NTP denies the allegations contained in Paragraph 43 of the Complaint.

44.  The above-described acts of NTP are and were knowing, willful, improper and illegal.

**ANSWER:**

NTP denies the allegations contained in Paragraph 44 of the Complaint.

45.  By reason of the foregoing, TP has been or will be damaged in an amount not less than $500,000, with the exact amount of TP's damages to be determined at trial.

**ANSWER:**

NTP denies the allegations contained in Paragraph 45 of the Complaint.

## ALLEGED PRAYER FOR RELIEF

46.  NTP denies the allegations contained in subparagraphs A through C of the WHEREFORE clause following Paragraph 45 of the Complaint.

## DEMAND FOR JURY TRIAL

47.  In response to Plaintiff's jury demand, NTP denies that Plaintiff is entitled to trial by jury on all issues, all claimed damages and/or for all relief sought as certain allegations contained in the Complaint call for legal conclusions.  NTP hereby demands a trial by jury for all issues so triable.

18

## AFFIRMATIVE DEFENSES

(Failure to State a Claim)

48.  Plaintiff's Complaint fails to state a claim upon which relief may be granted as to one or more of Counts I – V.

(Defective Pleading)

49.  Plaintiff's complaint alleges violations of state law without sufficient specificity, such as by alleging violations of the laws of "other states" without identifying the "other" state or the law(s) allegedly violated by NTP.

(Lack of Subject Matter Jurisdiction)

50.  Plaintiff's federal claims lack merit and this court lacks subject matter jurisdiction over Plaintiff's state claims.

(Collateral Estoppel/Preclusion)

51.  Counts I-V are barred by the doctrine of preclusion, collateral estoppel and/or *res judicata* since the issues in this case have been previously adjudicated by the federal courts.

(Plaintiff's Lack of Standing)

52.  Plaintiff lacks standing to sue for infringement of the asserted trademark(s) because it has no ownership interest therein.

(Personal Jurisdiction)

53.  This Court has no personal jurisdiction over NTP.

(Improper Venue)

54.  Venue is improper in this district.

(Unclean Hands)

55.  Plaintiff's claims may be barred, in whole or in part, from any and all recovery on each and every alleged cause of action by virtue of the equitable doctrine of unclean hands.

(Defendants' Innocent Conduct)

56.  NTP has not done any act or thing and is not proposing to do any act or thing in violation of any rights validly belonging to Plaintiff.

(No Willfulness)

57.  NTP had no knowledge and/or notice of the rights alleged in the Complaint before being served with the Complaint herein and, therefore, any infringement cannot be deemed willful.

(Failure to Mark)

58.  On information and belief, Plaintiff has failed to mark its goods and/or services and, therefore, is not entitled to monetary damages and/or equitable relief.

(Invalid and Unenforceable)

59.  On information and belief, Plaintiff's alleged common law trademark and/or trade name TRAVEL PLANNERS is invalid and/or unprotectable for reasons including, but not limited to, the following:

a. The alleged common law trademark and/or trade name is a generic name for the goods and/or services with which the mark is used by Plaintiff; and/or

b. The alleged common law trademark and/or trade name is merely descriptive of the goods and/or services with which the mark is used by Plaintiff; and/or

c. The alleged common law trademark has not been in continuous use for the period of time alleged by Plaintiff; and/or

d. Plaintiff has not established secondary meaning in the alleged common law trademark and/or trade name TRAVEL PLANNERS.

(Doctrine of Waiver)

60. Plaintiff's claims may be barred, in whole or in part, based on the doctrine of waiver.

(Doctrine of Estoppel)

61. Plaintiff's claims may be barred, in whole or in part, based on the doctrine of estoppel.

(Doctrine of Laches)

62. Plaintiff's claims may be barred, in whole or in part, based on the doctrine of laches.

## PRAYER FOR RELIEF

WHEREFORE, NTP prays:

a. That this Court find against Plaintiff and deny all relief requested in the Complaint.

b. That this Court declare Plaintiff's alleged common law trademark TRAVEL PLANNERS invalid and not infringed by NTP.

c. That this Court find for NTP on each of its affirmative defenses.

d. That this Court deny Plaintiff's request for compensatory, punitive and treble damages, attorneys' fees and costs.

e. That this Court grant NTP its attorneys' fees and costs.

f. That this Court grant NTP such other and further relief as the Court may deem just, proper and equitable.

## COUNTERCLAIMS

63. Counterclaim-Plaintiff, CGI of Nevada, Inc. (d/b/a National Travel Planners) (hereinafter "NTP"), for its Counterclaims, alleges as follows:

## JURISDICTION

64. This is a claim for a declaratory judgment. This Court has subject matter jurisdiction pursuant to Title 28 U.S.C. §§ 2201 and 2202, under the Trademark Laws of the United States pursuant to Title 15 U.S.C. §1051 *et seq.*, and under Fed.R.Civ.P. 13. There is an actual controversy between the parties concerning the validity and scope of the trademark(s) alleged in the Complaint, and NTP's liability for infringement thereof. Plaintiff has submitted to the personal jurisdiction of this Court.

## THE PARTIES

65. CGI of Nevada, Inc. is a corporation organized and existing under the laws of the state of Nevada having a principal place of business at 4795 S. Sandhill Rd., Las Vegas, Nevada, 89121.

66. Upon information and belief, Plaintiff/Counterclaim-Defendant, Travel Planners, Inc., is a corporation organized and existing under the laws of the state of New York having a principal place of business located at 381 Park Avenue South, New York, New York, 10016.

## FACTUAL ALLEGATIONS

67. Plaintiff/Counterclaim-Defendant claims that it is the owner of common law rights in the designation TRAVEL PLANNERS.

68. Upon information and belief, Plaintiff/Counterclaim-Defendant does not have any common law rights in the designation TRAVEL PLANNERS and/or any such mark is invalid for reasons including, but not limited to, the following:

a. The alleged common law trademark and/or trade name TRAVEL PLANNERS is a generic name for the goods and/or services with which the mark is used by Plaintiff/ Counterclaim-Defendant; and/or

b. The alleged common law trademark and/or trade name TRAVEL PLANNERS is merely descriptive of the goods and/or services with which the mark is used by Plaintiff/Counterclaim-Defendant; and/or

c. The alleged common law trademark and/or trade name TRAVEL PLANNERS has not been in continuous use for the period of time alleged by Plaintiff/Counterclaim-Defendant; and/or

d. Plaintiff/Counterclaim-Defendant has not established secondary meaning in the alleged common law trademark and/or trade name TRAVEL PLANNERS.

69.  Upon information and belief, the designation "travel planner" is a generic name for an individual or entity engaged, for instance, in travel and/or vacation planning, reservation and/or booking services (hereinafter referred to as "travel planning services").  Upon information and belief, the designation "travel planners" is a generic name for a group of individuals or an organization engaged in travel planning services.  "Travel planner" is also a generic designation for a resource (other than a living being) used for travel planning.

70.  For instance, attached as **Exhibit A** hereto is a printout from the website "www.yellowpages.com" showing that there is, or was, an organization headquartered in Hingham, Massachusetts known as the "National Association of Senior Travel Planners" comprised of individuals engaged in travel planning services (who are referred to by the public as "travel planners").

**Widespread Generic Use of "Travel Planners"**

71.  There is widespread third-party use of the designations "travel planners", "travel planner", "travel planning" in their generic manner described above.  Some such uses are described below.

23

72.  For instance, attached hereto as **Exhibit B** are copies of printouts of an internet search for the phrase "travel planners" (without quotes) conducted on May 31, 2007 using the Yahoo search engine.  Specifically, Exhibit B contains only the first 500 results of the search, which, as can be seen, yielded "about 10,500,000" results.  Attached hereto as **Exhibit C** are printouts of approximately the first 50 of the 500 websites shown in Exhibit B.

73.  As can readily be seen from a review of Exhibits B and C, the designation "travel planners" is in widespread generic use.

74.  Attached hereto as **Exhibit D** is a printout of search results from a search of the Trademarkscan database for all registered trademarks (subsisting and canceled) and trademark applications (pending and abandoned) in North America having the designation "travel plan…" within their description of goods and/or services.  The search uncovered 701 such marks. Attached hereto as **Exhibit E** are full printouts of the first 50 trademark files from the list of 701 marks contained in Exhibit D.  The results show that the designation "travel planner" is used on a widespread basis in a generic manner.

75.  Attached hereto as **Exhibit F** is a printout of search results from a search of the Trademarkscan database for all registered U.S. federal trademarks (subsisting and canceled) and U.S. trademark applications (pending and abandoned) having the designation "travel planners" within their description of goods and/or services.  The search uncovered 95 such marks. Attached hereto as **Exhibit G** are full printouts of all of the 95 trademark files from the list contained in Exhibit F.  The results show that the designation "travel planners" is used on a widespread basis in a generic manner.

76.  Significantly, plaintiff does not have a federal trademark registration for TRAVEL PLANNERS and has never sought to register the designation TRAVEL PLANNERS as a

trademark or service mark in the United States. However, plaintiff has sought and obtained

numerous registrations for other trademarks and/or service marks. In fact, Plaintiff, through its

counsel of record in this case, has filed at least twenty-four trademark applications for marks

*other* than TRAVEL PLANNERS.

77. Thus, upon information and belief, Plaintiff and its counsel are aware that the

designation TRAVEL PLANNERS is a generic and/or highly descriptive term that is incapable

of registration as a trademark in the United States.

## COUNT I

## DECLARATION OF INVALIDITY OF PLAINTIFF'S ALLEGED TRADEMARK

78. NTP repeats and realleges each and every allegation contained in paragraphs 63

through 77 above as if more fully set forth herein.

79. On information and belief, Plaintiff/Counterclaim-Defendant's alleged common law

trademark TRAVEL PLANNERS is a generic name for the services with which this mark is used

by plaintiff; or

80. On information and belief, Plaintiff/Counterclaim-Defendant's alleged common law

trademark TRAVEL PLANNERS has not been in continuous use in commerce for the period of

time alleged by Plaintiff.

81. On information and belief, Plaintiff/Counterclaim-Defendant's alleged common law

trademark TRAVEL PLANNERS has not acquired secondary meaning.

## COUNT II

## DECLARATION OF NON-INFRINGEMENT

82. NTP repeats and realleges each and every allegation contained in paragraphs 63

through 81 above as if more fully set forth herein.

83. NTP's use of the designation NATIONAL TRAVEL PLANNERS does not infringe any valid trademark rights owned by Plaintiff/Counterclaim-Defendant.

84. NTP has not infringed, has not contributed to the infringement, and has not induced infringement of any valid trademark rights owned by Plaintiff/Counterclaim-Defendant.

**COUNT III**

**UNFAIR COMPETITION**

85. NTP repeats and realleges each and every allegation contained in paragraphs 63 through 84 above as if more fully set forth herein.

86. Upon information and belief, Plaintiff/Counterclaim-Defendant's current attempt to enforce a trademark it knows to be invalid for the reasons alleged above, constitutes unfair competition.

**COUNT IV**

**DEFAMATION - TRADE LIBEL**

87. NTP repeats and realleges each and every allegation contained in paragraphs 63 through 86 hereof as if more fully set forth herein.

88. On information and belief, Plaintiff/Counterclaim-Defendant has published verbal and written statements concerning NTP that are false, fraudulent and defamatory.

89. Specifically, on information and belief, various principals and employees of Plaintiff/Counterclaim-Defendant have verbally informed actual and potential customers of NTP that NTP is engaged in fraudulent conduct.

90. Plaintiff/Counterclaim-Defendant has also caused to be published on the internet statements that NTP is engaged in "false and fraudulent housing claims." An example of one such written statement published by Plaintiff/Counterclaim-Defendant appears at the website of

the 2007 IAPC conference, organized by the International Association of Chiefs of Police

(www.theiacpconference.org).  Copies of pages from this website are attached hereto as

**Exhibit H**.

92.  In its statement posted on the IAPC website, Plaintiff/Counterclaim-Defendant refers

to NTP's conduct as "false and fraudulent" and accuses NTP of "deliberately trying to create

confusion".  Plaintiff/Counterclaim-Defendant's statement contains additional false accusations

concerning NTP.

93.  The statements made about NTP by Plaintiff/Counterclaim-Defendant, including the

content of the written statement contained in Exhibit H are false, fraudulent and defamatory, and

are libelous *per se.*.

94.  Plaintiff/Counterclaim-Defendant's false, fraudulent and defamatory statements

concerning NTP have damaged NTP in that NTP has lost business as a result of these statements

and has suffered injury to its reputation.

95.  NTP has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

96.  NTP hereby demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** NTP prays for judgment against Plaintiff/Counterclaim-Defendant as

follows:

1.  Dismissing Plaintiff's Complaint;

2.  Sustaining NTP's Affirmative Defenses;

3.  Awarding declaratory relief to NTP that:

a.  Plaintiff has no protectable rights in the generic designation TRAVEL PLANNERS;

b.  Plaintiff has not demonstrated secondary meaning in the designation TRAVEL PLANNERS;

c.  NTP has not infringed any rights of Plaintiff.

d.  Plaintiff is without right or authority to threaten or maintain suit against NTP for infringement of any of its registered or unregistered trademarks;

e.  Plaintiff, and those in active concert or participation with Plaintiff who receive actual notice thereof, are permanently enjoined from initiating trademark patent litigation against NTP, or threatening NTP or any of its customers, dealers, suppliers, licensees, agents, servants, or employees, or any prospective or present sellers, dealers, suppliers, licensees, distributors, or customers of NTP or users of NTP's services, with trademark infringement litigation based on any of the allegations contained in Plaintiff's Complaint, or charging any of them either verbally or in writing with infringement of any of Plaintiff's rights;

f.  Declaring that this is an exceptional case and awarding NTP its attorneys' fees;

g.  Awarding NTP its costs; and

h.  Awarding NTP such other and further relief as this Court may deem just and equitable.

Dated: June 1, 2007                    Respectfully submitted,

                                       LAW OFFICES OF BRUCE D. KATZ &
                                       ASSOCIATES


                                       By: ___/s/ Bruce D. Katz_____
                                            Bruce D. Katz, Esq.
                                            225 Broadway – 37th Floor
                                            New York, NY 10007
                                            (212)233-3434

                                            *Attorneys for Defendant/*
                                            *Counterclaim-Plaintiff*
                                            CGI of Nevada, Inc.
                                            (d/b/a National Travel Planners)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer and Counterclaims has been served on plaintiff, on this 1st day of June 2007, by depositing an envelope containing the same with the United States Postal Service, postage prepaid, addressed to plaintiff's counsel as follows:

David Newman, Esq.
Mark A. Lieberstein, Esq.
Day Pitney LLP
7 Times Square
New York, New York 10036

_____/s/_____
Bruce D. Katz, Esq.